The single issue in this case is whether Mr. Henriquez's prior Maryland first-degree burglary conviction is a generic burglary of a dwelling under Sentencing Guidelines Section 2L1.2. As this Court explained in United States v. Bonilla, a prior offense can only qualify as a generic burglary of a dwelling if it has first three Taylor elements, which are unlawful entry or unlawful remaining, two into a building or structure, three with an intent to commit a crime, plus 2L1.2 requires an additional dwelling element. So, Your Honor, just to be clear, there are four independent elements that must be met here in order for this unlawful entry, one, two, into a building or structure, three, that is a dwelling, a building or structure that is a dwelling, and four, with intent to commit a crime. Now here, the Maryland statute, the burglary statute, satisfies all of these elements except for one, and that's the building or structure element. Because under the Maryland burglary statute, it covers any place of regular sleep, any place where one regularly sleeps, which obviously can include cars and boats, which are not buildings or structures under Taylor, Your Honors. In Taylor, in Sheppard, and in DeCamps, the Supreme Court has now three times pronounced, flatly pronounced, without qualification, that cars and boats are not buildings or structures, Your Honors, yet it's absolutely true that the Maryland first degree burglary statute does include cars and boats because they are places in which people regularly sleep sometimes, as was the case in Canaris v. State, where the Court of Special Appeals found that a recreational vehicle was included under the Maryland burglary statute. And you... First of all, Taylor, as I remember, Taylor cites the Maryland statute as being a generic burglary. Well, Your Honor, I would disagree with that because Taylor cites it as the common law definition, but then Taylor rejected that. I'm sorry? I said Taylor then rejected the common law definition. You don't think it's approving the gist of what the state predicate that would advance... You don't think that's so? You can't get that from... I'm just asking you to look at Taylor all alone. Yes. And you don't think that's a fair reading of Taylor? Yeah, because, Your Honor, what Taylor does say, and I'll try to explain this, what Taylor said is that, look, there was this common law meaning of burglary, and Maryland... And Maryland was, the statute was in the common law, but then Taylor rejects that common law definition, Your Honor. Now, sure, Taylor expands and narrows that definition. The common law definition said unlawful entry into any dwelling which did cover cars and boats with an intent to commit a crime at nighttime. So then what Taylor does, it says the generic burglary definition, we're getting rid of the nighttime element, and also we're going to go beyond dwellings to include buildings, but what it did not do is include non-building dwellings. Now, Your Honor, the reason I say that it appears a conscious decision was made to exclude non-building dwellings such as cars and boats is because the court specifically acknowledged the common law definition which did include all dwellings, which would have covered cars and boats, yet the court still used the words building or structure, and that indicates it made a conscious decision. It was easy for the court to say, considering the common law definition, oh, well, we're going to include buildings or dwellings, but the court didn't do that, Your Honor. So I think that indicates, after looking at this common law definition, which was broader, it rejected that. Another way to say this was that the because it also narrated, because it also talked about that there's some statutes out there that are going to be more expansive than the generic burglary definition. Do you think that they are suggesting the Maryland statute is more expansive? The Maryland statute? Yes. Yeah, it's more expansive. I know what your position is. Yeah. I'm asking you if your argument is that Taylor suggests that the Maryland statute is more expansive. Yes, Your Honor. I think if you take it carefully and look at what it did with that common law definition, Your Honor, I think then, and what it did after looking at it, and then came up with the generic burglary definition. Only a few states retain the common law definition, something closely resembling it, citing Taylor. Most, next sentence, most other states have expanded this definition to include entry without a breaking structure other than dwellings, offenses committed in the daytime, blah, blah, blah. It sounds like they think that the Maryland statute is narrower. But then, you know, you go on, and Your Honor, the court also talks about statutes such as the Missouri statute, or the California statute, which says sometimes it's more expansive. It's too expansive because it includes cars and boats. So I think what you can infer from that, Your Honor, is that it did exclude cars and boats, which were dwellings, and that's what the Ninth Circuit en banc decision did in United States versus Grizzle, Your Honor. And Your Honor, also, the government in its brief cites to a quote where the court said, whatever else the members of Congress might have been thinking. Let me just try another quote from Taylor. Yeah. If the state statute is narrower than the generic depth of view, e.g. in cases of burglary convictions in common law states, wouldn't that suggest to you that they were thinking that under the common law state, it's narrower? Your Honor, in some context, I think, I think if you read that alone, yes, you're right, Your Honor, but I think you have to read the whole opinion, and what they did is I think they narrowed it and they expanded at the same time. Are we going to have to ignore one part of Taylor? No, Your Honor. I mean, we're either going to accept its blessing that the Maryland statute's okay, or are we going to have to accept or reject that, or accept or reject the part that says boats and tents and cars do not constitute... I think it gave the Maryland statute as an example of a common law. And reject one, don't we? But I think it ultimately rejected the common law definition of the Maryland statute. I mean, it said, look, here's the common law definition. We're rejecting it. And sure, some of the reasons were because they thought the Maryland statute included the nighttime element that, you know, Taylor took away and made more expansive. It also, the dwelling, that we're going beyond that to build it. I know it's not your argument, but isn't it possible to accept all of Taylor and to say that the only case that you rely on that says that the Maryland definition includes boats, it doesn't involve a boat, for starters, and it is a very common law definition. And it also encabins the vehicle that is stationary at the time, you know, mobile homes that are, in fact, stationary. It talks about that being within this definition. And we have a later Maryland Court of Appeals opinion narrowing it still more. So that if you get to a vehicle that could be transitory, but has been made permanent by the structure, by putting it into the ground and so forth and so on, then maybe Taylor's broader language wouldn't exclude that from the generic definition either. That is a way to read it. That's not your way. But that is a way to make all of Taylor, to read all of Taylor, to honor all of Taylor, and still say that this is a generic definition. Well, Your Honor, the Maryland case, Canars v. State, in that case it happened to be a vehicle which was stationary for 30 days. It wasn't just happened to be. The Maryland Court of Appeals opinion, after the fact, makes a lot of that. No? No. Well, then it goes on to say that it gives a definition for dwelling under the Maryland statute. We do not hold that under all circumstances a motor home is a dwelling house. Then we get to McKenzie from the Maryland Court of Appeals, and it says, it noted that the opinion's reasoning was rooted in the common law, they're talking about Canaris, and confined to the facts presented. That's about as close as the Maryland Court of Appeals gets to saying, you know, this is one up. Like Bush v. Gore. This is the only case to which this ever is going to apply. But Your Honor, if I may, in Canars v. State, the court said, quote, it matters not what type of facility the individual chooses to use for his habitation, so long as he intends it to be his abode, and so uses it. So that could be any moving car. That could be. Tell me about McKenzie, after the fact. But I don't think McKenzie adopts the same definition. It says a place in which somebody regularly sleeps. Canars, the crucial factor was whether the structure is a place intended to be used, and in fact is used as an abode and place for humans to sleep. So it seems to say that you do need, under Maryland law, structure. That's a direct quote, right? That's the Maryland Court of Appeals, after interpreting the Maryland Court of Special Appeals opinion. Sure, Your Honor, but it still just says a structure is a place which sleeps. That would include cars and boats, which is excluded under the Taylor definition. I thought that you were relying totally on structure. No, but the federal definition of building or structure, Your Honor, obviously excludes boats and cars, because Taylor specifically said that the generic burglary definition excludes coats and bars. I'm sorry, coats and boats and cars. So boats and cars can't be structures under the federal definition, so it doesn't matter what Maryland calls it. The reason the Maryland statute doesn't qualify, it doesn't matter that Maryland calls a car a structure, Your Honor, because we're looking at the federal definition. We don't have another case besides Canaris, right? Canaris, Your Honor, is the only. Canaris is what you rely on. Yes. And so we take all of Canaris, and then we take Maryland's highest court saying Canaris is limited to its facts. And the fact there was that this structure, which is what the Maryland Court of Appeals calls it, was permanent. It wasn't able to be moved at the time. At the time of the event. But Your Honor, I don't believe it's limited to that, because when you read Canaris. The Maryland Court of Appeals says that any place of regular sleep, a place where one regularly sleeps. So that does not mean that it has to be stationary. It could be a car that's moved. The crucial factor was whether the structure is a place intended to be used and in fact used as an abode and place for humans to sleep. Whether the structure. But that could be a car that is moved every day. In that appears to be any facility, any place where one regularly sleeps. But that's not limited by it has to be stationary. Your Honor, so that's the way I see the Maryland law. So I really see that there's a clear statement of law in Maryland that includes cars and boats. And I agree, Your Honor, as long as they are places in which people regularly sleep. But you have to distort. You heavily and then you have to distort it to make this work. Well, make your argument here work. And that you can kind of have it both ways. But Your Honor, loosely defined. It appears that Maryland is loosely defining structure. Well, but Maryland seems to indicate that a car is a structure. But in Taylor, what Maryland Court of Appeals is indicating is that particular car that was a motor home and that was in that particular case limited to the fact presented is a structure. That's what it's indicating. Okay, Your Honor. I'll let you make your argument. Okay. Your Honor, I'll just repeat one more time in Canaris the quote. If you give me one second here, Your Honor. Again, the quote was, it matters not what type of facility the individual chooses to use for his habitation so long as he intends to be as a boat and so uses it. So yeah, Maryland considers cars and boats structures. But that doesn't, that still is not, in the Ninth Circuit, United States versus Grizzle said the building or the word building or structure encapsulates the common definition of building, right? And the common ordinary definition of building that the Ninth Circuit said this Taylor term encapsulates is a permanent edifice that's designed and intended for use in one place. So here clearly under the Maryland law, a car, a moving car, even if it's intended as a place to sleep, Your Honor, it's a regular place of sleep, it's not a permanent edifice designed for use in one place. And in fact, the Ninth Circuit in Grizzle also says, relying on Taylor, that mobile homes, you know, and houseboats in which people do regularly sleep, which are adapted for dwellings, still are not buildings or structures under Taylor's definition. So I think that it's important that that's the case that we have on point about what building or structure means in Taylor. And that was the en banc court in the Ninth Circuit that held that. And in Grizzle, at issue was actually the statute which included boats and cars which were adapted for overnight accommodation. And the same thing in United States versus Winter. Yet the court still held that those cars and boats were not buildings or structures under the Taylor definition. So Your Honor, to be consistent, if you adopt the Ninth Circuit's approach, after they did a careful analysis of Taylor, I think we come to the same result here. The result doesn't change because we have cars and boats that are adapted for overnight accommodation or are places in which people regularly sleep. There's still cars and boats, which Taylor, DeCamps and Shepard three times has said now are excluded from the definition. And in fact, Your Honor, I'll just quote from Taylor. It appears that Taylor, DeCamps and Shepard categorically, flatly said without qualification that cars and boats are excluded from the building or structure definition. It didn't qualify by saying some cars and boats are included and others are not. In Taylor, the court said, quote, a few states Berkeley statutes define Berkeley more broadly than the generic definition by including places such as such as automobiles other than buildings. In Shepard, the court pronounced at the very beginning of the decision that Berkeley is a violent felony only if committed in a building or enclosed space, not in a boat or motor vehicle. In DeCamps, the court further reaffirmed Taylor and Shepard. The court summarizing Taylor said, quote, a building corresponds to an element in generic Berkeley, whereas the other, an automobile does not. And again, it could not have been lost on the Supreme Court that there were boats and cars in which people sleep, non-building type dwellings, yet it still chose the word building or structure. So, oh, I'm sorry, your honor. I didn't see the stoplight. I can get going. Thank you. Good afternoon, your honors. May it please the court. I am Kelly Hayes and I represent the United States in this appeal. As my co-counsel just mentioned in the briefing, we only have one issue here, and that is whether Maryland's first degree burglary statute, which makes it unlawful for one to break and enter into the dwelling of another with the intent to commit a theft or crime of violence, constitutes burglary of a dwelling and therefore is a crime of violence under the sentencing guideline 2L1.2. The government's position is that or ask this court to affirm the lower court district court's decision that the 16 level enhancement does apply here. And we do that for two main reasons. First, as Judge Motz has already recognized, the Supreme Court in Taylor explicitly stated that the Maryland first degree burglary statute at issue here is one of four common law states. And as a common law state, it is necessarily narrower than the broader generic definition that was defined by the Supreme Court. What do you do about what we said in Penila? Your honor. I don't know how to say it, but we said that we apply Taylor's analysis, but with the additional requirement that the burglary is in question involves a dwelling. Absolutely. Is that wrong? You say that there isn't an additional, the dwelling isn't an additional requirement. We said it was. That's exactly right, your honor. And the circuit or the fourth circuit, your honors did not have the benefit of full briefing on that issue because it was not an issue before the court. I'm not saying that you're wrong. We have to write. How does this opinion write? Absolutely. You are not bound by that of the briefing here in which this is the squarely. The issue is whether or not, in fact, the fact that the building or structure be a dwelling is an additional element or not. And I also note for the, for your honors, that the circuit in that court, in that decision, after making that statement cited to two different cases from two separate circuits, the Ninth Circuit and the Fifth Circuit, both of which actually concluded the opposite findings. The Ninth Circuit did determine as defense counsel advances now that dwelling was an additional element. However, the Fifth Circuit, which is also cited in support of the Fourth Circuit's finding in that footnote number three, found the opposite, that the analysis in Taylor does apply to the definition of burglary of a dwelling. However, in all respects, except for what structures would apply, the Fifth Circuit has found on multiple occasions on three separate occasions that the structures that would would or the places, if you will, that would qualify as a dwelling. If the court were to start from the beginning and and have a generic definition of burglary of a dwelling, the Fifth Circuit has noted that, as I believe is, you know, indisputed, that Taylor does not purport to say that its definition of burglary applies to the more expansive enumerated felony, or excuse me, the more expansive enumerated felony of burglary of a dwelling when it's found in the guidelines. Nor does Taylor submit or its generic definition of burglary always applies to any time within the guidelines burglary is found. So in terms of... I'm sorry, I'm not understanding where your argument's going. Well, it was ended there, but... Okay. So essentially, it's just that your honors are not bound by that dicta that was... Do we lose if we think that in fact we were correct in that dicta? Absolutely not, your honor. Well, then what is your argument? Because even if it were an additional element, Maryland's first degree burglary statute is not more expansive than the generic definition of burglary of a dwelling, even if dwelling was in fact an additional element. And that is because the defendant or the defense has pointed to one case, which I would note for record was a 1983 case, Canaris. You only need one. In fact, sometimes you can do it with less than one. Your honor, you're right in general terms that you may just need one, but the one case that they have pointed to is not helpful to them. Because in that exact case, as your honor has already previously mentioned, the Canaris court, the court of special appeals specifically stated that under the facts of that case, the RV, the motor home, was in fact a structure. And I am paraphrasing... Actually, I'm directly quoting. It says, it is as much a dwelling house for purposes of the statute as if it were constructed of brick and mortar. And that was because this particular motor home was stationary. It was not only stationary, it was hooked up to something that appended it to the ground. I mean, motor homes typically, when you drive on the campgrounds, you hook it up to electricity, you hook it up to plumbing. That's done in all motor homes. One of the reasons I don't like a motor home, because it's what you got to do. But there's a difference when you're talking about a mobile home in the instance of a trailer, where you break around it and it's not going anywhere unless you lift it up and do something to it. Your honor, the facts of the case as set forth in Canaris do not allow me to conclude whether or not it was in the wheels, for example, were removed or if there was something to fix it to the ground. But the court talked about stationary. Exactly. But the court found without dispute that it was a stationary structure, that it was not used for transportation. And in the court explicitly said, not once but twice, that they do not hold under all circumstances a motor home as a dwelling home. It said also that generally a vehicle type structure, which would include a motor home, used as a vehicle for transportation purposes should not be regarded as a dwelling house, even if occasionally used for sleeping. So in essence in Maryland, if you have an RV, someone is hooked up plumbing the whole bed and it gets broken into, the person cannot be convicted of burglary. If it has its wheels on it and they just rolled in and they rolled it out, it wasn't a car. If he's sleeping in a car, he cannot be convicted of burglary no matter what. That is correct. Under the case law that we have before us, that is absolutely correct, your honor, that that would not constitute a first-degree burglary under the Maryland statute. And that is the Canaris court, which is a 1983 case, which was seven years, enacted seven years before the Taylor court, which explicitly said that, you know, cited to Maryland as one of four common law states that necessarily always qualifies as a burglar. It doesn't say that though. It says it's a common law state. You embellish upon that. It doesn't, I don't think Taylor says common law states necessarily always qualify. If it does, I'd be happy to see that quotation. Absolutely, your honor. It says on page 599 of the opinion, the Supreme court says if the state statute is narrower than the generic views, for example, in cases of burglary convictions in common law state, there is no problem because the of all the elements of generic burglary. So I would submit to you, your honor, that the Taylor court does explicitly state that Maryland, because it is a common law state, earlier said that Maryland is a common law state. Exactly, your honor. So if you connect the dots, the Taylor court did explicitly state that. I also point to the 2008 court of appeals, McKenzie case, which is the first time the highest court in Maryland, or any court, had the opportunity to explicitly address what the definition of dwelling is for purposes of the burglary statute here, which is at issue today. The burglary statute was not codified until 1994. So in fact, Canaris, although interpreting a dwelling, was interpreting it for purposes of a daytime house breaking statute. In 2008, the court had the opportunity to decide the McKenzie case. Let me understand what you're saying. You're saying the burglary statute was not codified until 1994? Exactly, your honor. Yes. And Taylor happened in 1990? That's correct. What happened in 1994, we are bound by the earlier decision characterizing it as being common law, even though it's been codified later? Your honor, the history of Maryland is that for the vast majority of its history, it has relied entirely on common law crimes. In the early 90s, the Maryland legislator attempted... You know, if you didn't, if nothing had happened between the 1990 decision and now, and the Supreme Court says, well, this is common law, it clearly fits the generic definition, then you codify it. Basically, you got to, are you saying the codification is no more than what it was already? It just codified it with nothing else, is what you're saying? I'm not sure I'm following. There was no expansion of it. The statute didn't add it. It just put it in writing. Exactly. That's exactly right, your honor. And there was, in fact, a burglary statute that, which is the statute that was cited. It's just been changed, not in substance at all. It just was the, and I may have missed... Is it exactly as the common law said in 1990 and 1994, did they change their language in it? Your honor, there was, I don't know the answer to that. However, was a burglary statute, which is the statute that was cited, and I might have misspoken and confused your honors. There was a, at the time of Taylor, there was a burglary statute. That is the burglary statute that was cited by the Supreme Court. It was amended, it was codified in a different section. So it was now under a heading of burglary as of 1994. But the first opportunity that the court of appeals was able to address the definition of dwelling for purposes of the burglary statute that was applicable at the time of Mr., the statute that was applicable at the time of Mr. and Henrique's prior conviction was in 2008. And in 2008, the court also canvassed criminal law treatises and trying to determine whether or not, in that case, it was whether a vacant apartment would be considered a dwelling. And in doing so, the highest court, the court of appeals, repeatedly referred to a dwelling as a structure. In fact, in quoting these treatises on page 127, the court said, a structure does not become a dwelling until someone occupies it. Once a dwelling, however, the structure does not lose its character because it's, you know, left vacant for a time. And it also recognized in Canaris, as Judge Motz has pointed out, that the jury instructions actually require, in Canaris, which was affirmed by the court in Canaris, actually required that the jury find that it was a structure, that the Shasta, the RV, was a structure that was used the fact that this Shasta, and there is no other case to suggest otherwise, that... And excuse me, I have to... Absolutely. We get back to sort of Judge Wynn's original point where I'm not sure I understand the record now. The Supreme Court in Taylor quoted a Maryland statute. Yes. And is it your contention or is anybody here contending that the statute, the statutory number may, because they are always re-amending and re-numbering the statutes, but is the statute's scope or is there anything different between the statute that the Taylor court quoted and the statute that is operative here, the Maryland statute? No. Absolutely not, Your Honor. Okay. That is, we are talking about one and the same. Okay. So it was that, it was the Maryland statute and they don't make the, it's not, that's not just your argument. There's no contention that the two statutes are different. That's exactly correct, Your Honor. And so the prior statute, which is the same as the statute here, the Maryland statute, the court was addressing and saying was the common law definition in Taylor. Exactly. And that common law definition is breaking or entering into the dwelling of another with the intent to commit a theft or a crime of violence. Would the Maryland statute include breaking into the tent of a homeless person? There is absolutely no suggestion that it would. There is no case law that it would apply to a situation of a tent or... Where do you distinguish it? What element does it not need? Well, it's the definition of a dwelling that they've specifically required that it be a structure. If the tent, for example, were considered to be a building or structure, or if it was a permanent structure or something used other than on an occasional basis as a place of sleep, one could imagine that that would be encompassed within... This is where the homeless person sleeps every night. He just moves it around. There's no case law to suggest that the Maryland would apply that first degree burglary statute to that situation. The thing is, I guess the language of the statute would suggest that it would be open to be applied to that. Well, Your Honor, the language of the statute actually just states that it defines dwelling as retaining its judicially determined meeting. The statute itself does not define dwelling. We have to look to the case law in order to actually define what a dwelling is, and that is why McKenzie and the rationale and its analysis of a dwelling being a structure is particularly applicable here. That's also why looking to, for example, the jury instructions that were used in Canaris, in which it explicitly required that the jury find that it's a structure that was used regularly as a place to sleep. So it seems to me we've been going back and forth, but it really comes down... We've got the Taylor case, but if the highest court in Maryland or special court actually in Canaris said something different, then we would at least have to consider that courts within Maryland have found that maybe a dwelling or some other structure would be there. And we've got the other side going one way, you're going... I mean, it seems to me, is it not just simple just to ask the Maryland court and just say, does it include this, even though it looks like it is? I mean, 16-level enhancement is pretty serious stuff, and we own the Fourth Circuit, and we kind of look at this stuff in different states, and we are listening to all the nuances that this court does and doesn't. It's a simple question. I mean, really, it's almost a one-sentence answer to it. Is that something we ought to do? I wish we would have the benefit of doing that, but unfortunately, the position that we're in is we have to look to how the Maryland court has, in fact, applied its definition of a dwelling. Categorical approach, we cannot certify a question like that. Your Honor, I suppose that the court could certify that question, but I don't think that it needs to because it has... You said, I wish we could, which indicated to me you can't. Well, I cannot, Your Honor. You're saying the court can't. I'm asking, can we do that? Your Honor, I actually am not as familiar with the certification rules that would allow Your Honor to do that in order to intelligently speak on that, but I don't think that the court needs to, and the reason I don't think that the court needs to is because I think the court in McKenzie has defined that, has spoken on that very issue, and that is it provided a test for determining whether a dwelling is a... What constitutes a dwelling under Maryland law. It wouldn't hurt anything, would it? I mean, because you say that's what it is anyway. Certainly, that would be the position. Well, you shouldn't possibly oppose it because that's what the court's going to say. You already know this. What you're saying is an exercise in futility. I think it would be an exercise in futility. But if we want to go ahead and do it, go ahead at court because you're going to get the same answer. Yeah, well, the court is going to... The Maryland Court of Appeals is going to do exactly what we've done here, which is canvass the case law, look at the court of application of dwelling by the by the intermediate court of special appeals, and that's exactly what the court did in McKenzie when it was trying to define what it would use as a definition for dwelling. So it would be an exercise in futility because that is exactly what we have done here. And what the court of appeals would do, it would look to its lower courts, lower decisions, and it would come to the same conclusion here, which is that in the only case in which a dwelling is even arguably a vehicle or was a situation where that motor home was found to be stationary and was found by the jury pursuant to the jury instructions to be a structure that was used regularly as a place to sleep. And the fact that you say that Maryland cannot charge someone who breaks into a car that someone's sleeping into an RV, that you, there's really nothing out there that says that. It just, it looks when you read the statute based on it, you would never stand up and argue such a thing to the court or to the case that it can be. It's what you're saying, right? Not that you, there's some body's been charged and the case was dismissed or something like that. It's just, that's just the way it is. The Supreme Court and this court in Diaz de Barro did recognize that there's, you have to, can't just create a hypothetical, a legal theory in which the Maryland court would apply its definition of dwelling to be broader than, to be broader than the generic definition of burglary of a dwelling here. So from what you have, your honors have before you right now, the governance positions, there's no question that this would not be applied to these hypotheticals that the Taylor court was concerned with, specifically shoplifting or you know, the kind of taking a look back at the underlying rationale of Taylor and why it created a generic definition of burglary is because it was concerned with overly expansive, overly broad burglary statutes that included, for example, a theft from an unoccupied vehicle or a vending machine. And those are not the concerns here. In fact, Maryland's definition is one as you know, we've, I've hammered in, is one of the most restrictive narrow burglary statutes that exist in this country. It was the concern the court had with uniformity and making sure that one individual is not getting a 16 level enhancement for breaking into a vending machine versus another individual who conducted an armed robbery of a dwelling. That, that concern is not present here. When you look at Maryland statute and its application, your honors, I see that my, my time is up. So if there are no further questions. Okay, thank you. Mr. Patel, you have some time remaining. Yeah. Your honors, you asked whether a tent or whether any car in which one regularly sleeps, even one not temporarily stationed can qualify under the burglary statute. And I contend that it can. And I want to walk us through the language in Canaris and McKenzie to also answer Judge Botts' question. Because when you look at the language in both of those cases, it's absolutely clear that a tent or any car in which somebody regularly sleeps, and there's a clear statement of law in the Maryland law. Canaris starts out by saying generally, generally a vehicle type structure used as a vehicle primarily for transportation purposes should not be regarded as a dwelling house even if occasionally used for sleeping. But as Perkin notes, cases have held such vehicles to be dwelling houses where the facts show that they're actually used as a dwelling. The ability of a vehicle such as this to actually be considered as a dwelling house is supported by decisions in other jurisdictions. Then it cites a number of jurisdictions which includes covered sheet wagon, movable sheet wagon, quarter boat, a house trailer, mobile home, uninhabited trailer. I mean, it covered wagon again, barn. And then, Your Honor, when you go to the broad principles pronounced here, the ruling, it says accordingly it matters not what type of facility the individual chooses to use for his habitation so long as he intends it to be his abode and so he uses it. That's a very broad definition, Your Honor. And in McKenzie, the court didn't renounce that. Before you leave that, they also say the crucial factor in determining whether a particular enclosure is a dwelling house is not whether the location is a formal traditional board and brick type structure. Right, but that could be a car, a sheet wagon or a covered wagon. Is it enclosed? I'm not saying it's inconsistent with what you said. It's helpful to you. Not every question is adverse, you know. Right, Your Honor. Okay. And then so and then if you go to McKenzie versus State, Your Honor, again, Judge Motz, it says accordingly it matters not what type of facility the individual chooses to use for his habitation so long as he intends it to be his abode and so uses it. So that's not limited to the mobile home which is in the ground. Your Honor, if I slept in my car every day and I moved it every day, I would be convicted. I would be charged and convicted under this statute. And Your Honor, there's a clear statement of law here. And Your Honor's just decided an en banc decision, apparitio soria, where there were mountains of cases showing that in fact violent force was used, right? But this court still found that the prior offense didn't have an element of violent force because there was a clear statement of law under the Maryland law which said that resisting arrest didn't have an element of violent force. And I submit to you when you look at the language in McKenzie and when you look at the language in Canars, it establishes a rule, a clear rule. Your Honor, yes, I think that it's clear here. But if you believe that it is not clear in our favor. Sentenced in March of 2013, right? Yes, Your Honor. So he's already served. Yes, so he's the, I mean it would have to be done. I remember the Maryland Court of Appeals, maybe it's getting more current, but it used to take three, four, five years. Well, Your Honor, I can ask for expedited. Remember, there's somebody let go from prison that had been in prison five years waiting for his decision. So I, you know, Your Honor, I think it's a new age, a new chief judge, new things going on. Yes, so I think the law is clear, but I would, if Your Honors aren't inclined to rule with me, I say let's certify it. If you come in here, you'll take the win, but you're not going to win here certified. Yes, thank you, Your Honor. I'll ask the clerk to adjourn court and then we'll come down and greet counsel.
judges: William B. Traxler, Jr., Diana Gribbon Motz, James A. Wynn, Jr.